## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

STACY WHITE FUQUA,      )

    Plaintiff,         )
                         )

  v.                     )

                         )        6:19-cv-01626-LSC
D & M CARRIERS, LLC    )
D/B/A FREYMILLER, *et al.*,  )

    Defendants.      )

## MEMORANDUM OF OPINION

Plaintiff Stacey White Fuqua ("Fuqua") originally filed this action in Alabama state court, seeking compensatory and exemplary damages for injuries resulting from a highway collision with a tractor trailer operated by Defendant Marlin Goodpasture, an employee of Defendant D&M Carriers, LLC ("D&M") (collectively, "Defendants"). Fuqua brings claims of common law negligence and wantonness against both Defendants and several fictitious defendants, as well as negligent entrustment and negligent/wanton hiring, training, and supervision claims against D&M and fictitious defendants.

On October 3, 2019, Defendants removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1.) In the notice of removal, Defendants asserted that removal was timely under 28 U.S.C. § 1446(b)(3)

because they only "first . . . ascertained" that the amount in controversy exceeds $75,000 upon receipt of Fuqua's settlement demand letter on September 16, 2019, in which she demanded more than $2 million. Fuqua subsequently filed a motion to remand (doc. 3), alleging that removal was not timely because it was facially apparent from her complaint that the amount in controversy requirement was met; therefore, under 28 U.S.C. § 1446(b)(1), the deadline to remove expired 30 days after Defendants were served, well before the notice of removal was filed. This Court set a briefing scheduling, and Defendants timely filed a response. (Doc. 6.) Fuqua did not file a reply.

For the reasons stated below, Defendants' removal of this action was not timely. Therefore, Fuqua's motion to remand is due to be GRANTED, and this matter is due to be REMANDED to the Circuit Court of Marion County, Alabama.

## I.    BACKGROUND[1]

On April 17, 2017, Fuqua, an Alabama State Trooper, was a passenger in a vehicle driven by William Hall, for whom she was administering a driving test. Fuqua and Hall were traveling eastbound on I-22 in the right lane when Hall slowed to exit the Interstate onto US-43. Goodpasture, while acting as an employee of D&M

---

[1]    The following facts are taken from Fuqua's complaint (doc. 1-1), and the Court makes no ruling on their veracity.

and while in the line and scope of his duties, was traveling in his commercial 18-wheeler behind Fuqua and Hall's vehicle. Goodpasture failed to notice Hall's decrease in speed and rear-ended the vehicle. The State Trooper who investigated the accident determined that just moments before the collision, Goodpasture took his eyes off the roadway, while traveling at 75 MPH, to attend to his two dogs in the cab of the truck. The Trooper concluded that Goodpasture's distracted driving caused the accident.

On February 19, 2019, Fuqua sued Goodpasture, D&M, and several fictitious defendants in state court for the injuries she sustained in the accident. Goodpasture and D&M were each served with the complaint on March 1, 2019. (*See* doc. 1 at 2.) In her complaint, Fuqua alleges that Goodpasture was driving his 18-wheeler at a high rate of speed when he rear-ended Fuqua's vehicle. Her complaint also alleges that Goodpasture was reckless or wanton leading up to the collision because Goodpasture was tending to his two dogs in the cabin of the trailer. Further, Fuqua alleged that because of the accident she has undergone five surgeries; suffered pain and mental anguish; suffered permanent physical and vocational impairment; incurred nearly two years of lost wages from her job as a State Trooper; and lost time towards her pension and retirement. She sought compensatory damages, as well as

exemplary damages for Defendants' wanton conduct, in an amount to be assessed by a jury.

## II.    STANDARD OF REVIEW

A defendant may remove an action initially filed in state court to federal court if the action is one over which the federal court has original jurisdiction.  28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  As relevant here, jurisdiction exists if there is complete diversity between the parties[2] and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1); *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).  Where, as here, the plaintiff's complaint does not specify the amount of damages requested, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  To determine whether this burden has been

---

[2]    Defendants' notice of removal alleges that Fuqua is a citizen of Alabama and that Goodpasture is a citizen of Utah.  The notice further alleges that D&M is incorporated in Oklahoma and has its principal place of business in Oklahoma, but this is not the citizenship "test" for an LLC.  Rather, an LLC has the same citizenship as its members.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990); *Rolling Greens MHP, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam).  In its Order setting a briefing schedule on Fuqua's motion to remand, the Court instructed the parties to address the citizenship of D&M as an alternative basis for remand.  (*See* doc. 4.)  In their response to the motion to remand, Defendants clarify that David Freymiller is the sole member of D&M and that he is a *resident* of Oklahoma.  Because this Court finds it appropriate to remand the case based on the untimeliness of the removal and because David Freymiller is in all likelihood both a resident *and* citizen of Oklahoma, this Court assumes that the parties are completely diverse.

met, this Court should first look to the complaint to see if it is "facially apparent" that the amount in controversy exceeds $75,000. *See id.* If "the jurisdictional amount is not facially apparent from the complaint," this Court then "look[s] to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.*

The removal statute contemplates two ways that defendants may remove a case based on diversity jurisdiction. First, in cases where the grounds for removal are apparent on the face of the initial pleading, the defendant may remove by filing a notice of removal with the district court within 30 days of receiving a copy of the initial pleading. *See* 28 U.S.C. § 1446(a)–(b). Second, when the jurisdictional grounds become apparent through the defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," the defendant may remove by filing a notice of removal within 30 days of receipt of the amended pleading, motion, order or other paper. *Id.* § 1446(b)(3). The "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33 (2002).

## III. DISCUSSION

At issue is whether the Defendants removed this case within the time prescribed by the removal statute. Defendants argue that their removal was timely

because the amount in controversy was not apparent from Fuqua's complaint, and they first ascertained that the amount in controversy exceeds $75,000 on September 16, 2019, upon receipt of Fuqua's settlement demand letter requesting more than $2 million. For the reasons explained below, the Court concludes that it was facially apparent from Fuqua's complaint that the amount in controversy exceeds $75,000. As a result, the Court also concludes that the removal was not timely because Defendants filed the notice of removal more than 30 days after they received the complaint in contravention of 28 U.S.C. § 1446(b)(1).

Fuqua's complaint, on its face, demonstrates that the amount in controversy more likely than not exceeds $75,000. Fuqua alleges that her passenger vehicle was struck from behind by an 18-wheeler traveling at a high rate of speed—as fast as 75 MPH. Further, as a result of the accident, Fuqua has undergone five surgeries; suffered pain and mental anguish; suffered permanent physical and vocational impairment; incurred nearly two years of lost wages from her job as a State Trooper; and lost time towards her pension and retirement. She also seeks exemplary damages for Defendants' alleged wanton conduct. To determine whether the face of the complaint establishes the jurisdictional amount, district courts may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Roe v. Michelin N. America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). Courts need

not "suspend reality" and instead may use their "judicial experience and common sense" to decide whether it is facially apparent that the amount in controversy is met. *Id.* It "defies common sense" that Fuqua would be seeking $75,000 or less given her allegations of five surgeries, pain and mental anguish, permanent physical and vocational impairment, two years of lost wages from her job as a State Trooper, lost time towards pension and retirement, and her request for exemplary damages. *See Jones v. Novartis Pharm. Co.*, 952 F. Supp. 2d 1277, 1284 (N.D. Ala. 2013) (reaching the same conclusion based on plaintiff's allegations of three major surgeries, ongoing physical therapy, continuing pain and suffering, permanent injuries, and a request for punitive damages).[3] Based on its "judicial experience and common sense," this Court concludes that Fuqua's allegations "facially establish the jurisdictionally required amount in controversy." *Roe*, 613 F.3d at 1063.

Defendants assert in their notice of removal that prior to this case being filed, they received medical documents and retail billing information regarding Fuqua's post-accident treatment, and that the expenses "remained well below the amount in controversy threshold." (Doc. 1 ¶ 22.) However, Defendants did not specify the amount of the expenses, leaving the Court unable to determine just how far below

---

[3] While this Court is certainly not bound by *Jones*, this case is cited because its analysis is helpful.

the $75,000 threshold they were.  Defendants' omission is significant because Fuqua

allegedly has suffered pain and mental anguish and is seeking exemplary damages,

meaning she seeks a greater recovery than mere compensation for her injuries.

Further, Defendants' argument regarding medical expenses does not account for

Fuqua's other alleged damages, including almost two years of lost wages from her

job as a State Trooper and lost time towards her retirement and pension.  In sum,

Defendants' vague, unsupported assertion regarding Fuqua's retail medical

expenses is insufficient to rebut the Court's conclusion that the complaint facially

demonstrates the jurisdictionally required amount in controversy.[4]

Because the amount in controversy was facially apparent from Fuqua's

complaint, the deadline for removal is dictated by 28 U.S.C. § 1446(b)(1).  Under

§ 1446(b)(1), Defendants were required to remove this action within 30 days of being

served with Fuqua's complaint, or by March 31, 2019.  However, Defendants did not

---

[4]     Defendants cited several district court cases in support of their argument that the amount
in controversy was not sufficiently clear from Fuqua's complaint.  They cited, for example,
*Robinson v. Clayton*, No. 12-0622-WS-C, 2012 WL 6028940 (S.D. Ala. Dec. 3, 2012), and
*Collinsworth v. Big Dog Treestand, Inc.*, No. 16-00208-KD-B, 2016 WL 3620775 (S.D. Ala. June 29,
2016).  Of course, decisions from other district courts are not binding authority.  *See Fishman &
Tobin, Inc. v. Tropical Shipping & Const. Co.*, 240 F.3d 956, 965 (11th Cir. 2001).  Further, the cases
cited by Defendants are factually distinguishable because the plaintiffs alleged less severe injuries
or provided fewer specific details regarding their damages than Fuqua.  For these reasons, the
aforementioned cases fail to persuade this Court to adopt the Defendants' position in this case.

file their notice of removal until October 3, 2019, well beyond the 30-day deadline. Therefore, the removal was not timely.

## IV.  CONCLUSION

For the reasons stated above, Defendants' removal of this action was not timely.  Therefore, Fuqua's motion to remand (doc. 3) is GRANTED, and this case is due to be remanded to the Circuit Court of Marion County, Alabama.

A separate Order consistent with this opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** on December 19, 2019.

L. Scott Coogler
United States District Judge

199335